**DeMarco•Mitchell, PLLC**
Robert T. DeMarco
Michael S. Mitchell
12770 Coit Road, Suite 850
Dallas, TX 75251
**T**  972-991-5591
**F**  972-346-6791

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE:<br><br>Van Scoit Group LLC<br><br>Debtor[1]. | Case No.:  25-40641<br><br>Chapter:  11<br>[JOINT ADMINISTRATION REQUESTED] |
| IN RE:<br><br>Van Scoit Services LLC<br><br>Debtor. | Case No.:  25-40642<br><br>Chapter:  11<br>[JOINT ADMINISTRATION REQUESTED] |

**DEBTORS' EXPEDITED MOTION FOR AUTHORITY TO
PAY CERTAIN PREPETITION WAGE AND TAX CLAIMS**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW**, **Van Scoit Group LLC** ("**VS Group**"), and **Van Scoit Services LLC** ("**VS Services**"), Debtors and Debtors in possession in the above-styled and numbered cases (collectively, the "**Debtors**"), and file this *Debtors' Expedited Motion for Authority to Pay Certain Prepetition Wage and Tax Claims* ("**Motion**") by and through the undersigned attorney. The facts and circumstances supporting this Motion are set forth in the concurrently filed *Declaration of Eric Schaffer in Support of Debtor's First Day Motions* ("**Declaration**"). In further support of this Motion the Debtor respectfully avers as follows:

**I.     JURISDICTION**

---

[1] The Debtors in these proceedings (including their respective taxpayer identification numbers) are: Van Scoit Group, LLC, (75-2953854), and Van Scoit Services, LLC, (93-2023484). The Debtors' corporate headquarters are: 8820 Trinity Vista Trl, Hurst, TX 76053.

1. The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §1334(b) and the standing order of reference of the District Court. This matter is a core proceeding.  28 U.S.C. §§ 157(b)(1), (b)(2)(M).

2. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a), 363(b)(1) and 507(a)(4) of title 11 of United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**").

## II. BACKGROUND

4. This bankruptcy case was commenced by the filing of this voluntary petition for relief under Chapter 11 of the Bankruptcy Code on **February 10, 2025** (the "**Petition Date**").

5. No trustee[2] or examiner has been appointed, and no official committee of creditors has yet been established.

6. Information regarding the Debtor's history and business operations, capital structure, and the events leading up to the commencement of these bankruptcy cases can be found in the Declaration, which is incorporated herein by reference.

## III. FACTS SPECIFIC TO RELIEF REQUESTED
### A. Employee Payroll

7. The Debtor's employees are paid every week.  Debtor's next payroll is made Friday, **February 28, 2025**.

8. The total GROSS wages due and owing all employees of the Debtors is as follows**:**

| Debtor | Amount |
| --- | --- |
| **Van Scoit Group LLC** | $26,084.29 |
| **Van Scoit Services LLC** | $10,738.85 |

---

[2] Debtors anticipate the appointment of a Subchapter V Trustee within 48 hours of the Petition date.

9. The Debtors need to continue to pay the wages due and owing its employees on a timely basis. The granting of such relief is in the best interest of the bankruptcy estate and all interested parties.

10. The Gross wages due and owing all employees of the Debtors are substantially less than the per creditor limits set forth in 11 U.S.C. § 507(a)(4).

### B. Payroll Tax Obligations

11. In connection with the aforementioned payroll obligations, the Debtors have incurred certain tax obligations.

12. The Debtors are current on their respective tax obligations.

13. The Debtors estimate their respective tax obligation in connection with the foregoing wage obligations is as follows:

| Debtor | Amount |
|---|---|
| **Van Scoit Group LLC** | $5,887.59 |
| **Van Scoit Services LLC** | $2,472.31 |

14. Attached hereto as Exhibit "A" and incorporate herein by this reference is a detail of the payroll obligations for the Debtor.

### IV. RELIEF REQUESTED

15. By this Motion, the Debtors request the entry of an order pursuant to Sections 105(a), 363(b)(1) and 507(a)(4) of the Bankruptcy Code authorizing, *but not requiring*, the Debtors, in accordance with its stated polices and in its ordinary course, to immediately pay or otherwise honor the Debtors' prepetition wage and tax obligations.

### V. BASIS FOR RELIEF

## A. Prepetition Payroll

16. A bankruptcy court may authorize the payment of pre-petition wages and benefits when necessary. Payment of pre-petition wages, on an immediate basis, is rooted in the "doctrine of necessity," which doctrine, courts have consistently adopted where the failure to do so would jeopardize the Debtors' chance of reorganization.

17. Pursuant to section 105(a) of the Bankruptcy Code, "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) codifies the bankruptcy court's inherent equitable powers. See Marrama v. Citizens Bank of Mass., 127 S.Ct. 1105 (February 21, 2007)(Section 105 was relied upon heavily by the majority of the Court in ruling that there is no absolute right to convert a chapter 7 bankruptcy case under § 706 of the Bankruptcy Code despite the clear textual reading of the statute); *In re Feit & Dexler, Inc.*, 760 F.2d 406 (2nd Cir. 1985).

18. The relief requested herein is supported by the well-established "necessity of payment" doctrine. *See, In re Ionosphere Clubs, Inc.,* 98 B.R. 174, 175 176 (Bankr. S.D.N.Y. 1989) citing *Miltenberger v. Logansport, C. & S. W. R. Co.*, 106 U.S. 286 (1882). The "necessity of payment" doctrine "teaches no more than, if payment of a claim that arose prior to reorganization is essential to the continued operation of the [business] during the reorganization, payment may be authorized even if it is made out of corpus." *In re Lehigh & New England Railway Company*, 657 F.2d 570, 581 (3rd Cir. 1981); *see also Pension Benefit Guarantee Corporation v. Sharon Steel Corp. (In re Sharon Steel Corp.)*, 159 B.R. 730, 736 (Bankr. W.D.Pa. 1993). Similarly, the court in Ionosphere stated the "necessity of payment" doctrine "recognizes the existence of

the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtor." *Ionosphere*, 98 B.R. at 176.

19. The Ionosphere case is of particular import to the case sub judice, since Judge Lifland relied on his equitable powers under section 105 and, in particular, the "necessity of payment" doctrine, to authorize the payment of wages, salaries, medical benefits and business expenses to its then current employees. *Ionosphere*, 98 B.R. at 176. Judge Liffland recognized that employee retention and positive morale were two critical factors to a successful reorganization, which factors are enhanced when payroll is paid timely. *Ionosphere*, 98 B.R. at 176.

20. Accordingly, the "necessity of payment" doctrine authorizes the Debtors to pay the amounts they seek authority to pay by this Motion. The Debtors believe all amounts they seek to pay are entitled to priority claim status under section 507(a)(4) of the Bankruptcy code and individually do not exceed the dollar limits set forth therein. As such, the Debtors will likely have to pay all such claims in full to confirm a plan of reorganization. *See* 11 U.S.C. § 1129(a)(9)(B). The relief requested herein, if granted, affects only the timing and not the amount for most such claims.

21. If the Debtors miss payroll, many of the employees will face severe financial hardship. Moreover, the Debtors believe that if they are unable to honor their payroll obligations, employee morale and loyalty will be jeopardized at a time when employee support is critical. The loss of any employee has the potential to seriously jeopardize the Debtors' reorganization efforts.

22. The payment of the amounts requested herein pursuant to the "necessity of payment" doctrine is in the best interest of the Debtors and thier bankruptcy estates. *See Lehigh*, 657 F.2d at 581.

23. Nothing contained herein shall constitute a request for authority to assume or reject any agreements, policies or procedures relating to employee wages.

### B. Prepetition Payroll Tax Obligations

24. The Debtors submit that many, if not all, of the taxes likely constitute "trust fund" taxes which are required to be collected from third parties and held in trust for payment to the appropriate taxing authority. *See e.g. In re Al Copeland Enterprises, Inc.*, 133 B.R. 837 (Bankr. W.D. Tex. 1991), *aff'd*, 991 F.2d 233 (5th Cir. 1993) (the debtor was obligated to pay Texas sales taxes plus interest because such taxes were "trust fund" taxes). To the extent the Taxes are "trust fund" taxes, they are not property of the bankruptcy estate pursuant to Section 541 of the Bankruptcy Code. *Begier v. I.R.S.*, 496 U.S. 53, 67 (1990) ("payments of trust fund taxes to the IRS from its general accounts were not transfers of "property of the debtor," but were instead transfers of property held in trust for the Government…."); *Equalnet Communications, Corp.*, 258 B.R. 368, 370 (Bankr. S.D.Tex. 2000) ("With respect to taxes, certain prepetition tax claims, such as sales taxes, could be trust fund claims. Obviously, the legal right to payment of such claims at any time appears irrefutable."). As such, the Debtors have no beneficial interest in any such "trust fund" taxes.

25. Nonetheless, even if the taxes do not constitute "trust fund" taxes, the Debtors believe the payment of such taxes is appropriate under Section 105(a) of the Bankruptcy Code. Pursuant to Section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or

judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

26. The United States Supreme Court has authorized bankruptcy courts to use the equitable powers granted in Section 105(a) to authorize the payment of certain prepetition obligations where, as here, any nonpayment could harm the Debtors' reorganization efforts. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984) (section 105 empowers the bankruptcy court to authorize the payment of prepetition obligations when such payments are necessary to facilitate the rehabilitation of the debtor).

27. Numerous courts have used Section 105(a) to authorize payment of a debtor-in-possession's prepetition obligations where, as here, such payment is an essential element of the preservation of the Debtor's potential for rehabilitation. *In re Just For Feet, Inc.*, 42 B.R. 821, 824 (D.Del.,1999); *Equalnet Communications*, 258 B.R. at 370; *In re Synteen Technologies*, Inc., 2000 WL 33709667, page 2 (Bankr. D.S.C. 2000) *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr.S.D.N.Y.1989)).

28. Without question, the payment of the taxes is necessary to avoid administrative difficulties. Withholding a tax payment could cause the taxing and other authorities to take precipitous action, including increased audits and lift stay motions necessitating much time and attention of the Debtors and their counsel at the critical early stages of this Chapter 11 case.

29. Finally, most, if not all, of the taxes are entitled to priority status under Section 507(a)(8) of the Bankruptcy Code. The payment of the prepetition portion of the taxes at this juncture more likely than not only affects the timing of the payment and not the amount to be

received by any tax claim holders. Therefore, other creditors and/or parties-in-interest are not prejudiced by the relief requested herein if granted.

### VI. BANKRUPTCY RULE 6003

30. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Bankruptcy Rule 6003. Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern. *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001(c)(2)).

31. The Debtors respectfully submit Bankruptcy Rule 6003(b) has been satisfied and the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtor and its bankruptcy estate.

### VII. BANKRUPTCY RULE 6004

32. The Debtors seek a waiver of the notice requirements of Bankruptcy Rule 6004(a) and the fourteen (14) day stay of any order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h) in light of the exigent nature of the relief requested herein.

**WHEREFORE, PREMISES CONSIDERED**, the Debtors respectfully request the Court authorize, *but not require*, the Debtors to pay or otherwise honor the Debtors' pre-petition wage and salary obligations; and for such other and further relief to which the Debtor may be justly entitled.

Respectfully submitted,

Dated: February 25, 2025          */s/ Robert T. DeMarco*

**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**  robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**  mike@demarcomitchell.com
12770 Coit Road, Suite 850
Dallas, TX 75251
T  972-991-5591
F  972-346-6791
*Proposed* **Counsel for Debtors and Debtors in Possession**

## CERTIFICATE OF CONFERENCE

The undersigned counsel hereby certifies that, prior to the filing of this Motion, he conferred with the following parties concerning their respective positions on the Motion:

| Attorney | Position |
|---|---|
| Erin Schmidt, counsel for the United States Trustee | No position |

## CERTIFICATE OF SERVICE

The undersigned counsel herby certifies that true and correct copies of the foregoing pleading and all attachments were served upon all parties listed below in accordance with applicable rules of bankruptcy procedure on this **25th day of February 2025**. Where possible, service was made electronically via the Court's ECF noticing system or via facsimile transmission where a facsimile number is set forth below. Where such electronic service was not possible, service was made via regular first-class mail.

### DEBTORS

| | |
|---|---|
| Van Scoit Group, LLC<br>8820 Trinity Vista Trl<br>Hurst, TX 76053 | Van Scoit Services, LLC<br>8820 Trinity Vista Trl<br>Hurst, TX 76053 |

### TRUSTEES

Office of the United States Trustee
Earle Cabell Federal Building
1100 Commerce Street, Room 976
Dallas, TX 75242

### ADDITIONAL PARTIES IN INTEREST AND/OR PARTIES REQUESTING NOTICE

Schlotzsky's

200 Glenridge Point Pkwy
Atlanta, GA 30342

**SEE ATTACHED MATRIX**

*/s/ Robert T. DeMarco*
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**   robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**   mike@demarcomitchell.com
12770 Coit Road, Suite 850
Dallas, TX 75251
T   972-991-5591
F   972-346-6791

**Van Scoit Services**

| | Gross Pay | Taxes Federal | SS | Medicare | Net Pay | Employer Taxes |
|---|---|---|---|---|---|---|
| Morales | $337.00 | $0.00 | -$20.89 | -$4.89 | $362.78 | $36.90 |
| Ojeda, A | $255.67 | $0.00 | -$15.85 | -$3.71 | $275.23 | $27.99 |
| Ojeda, A | $331.44 | $0.00 | -$20.55 | -$4.81 | $356.80 | $36.30 |
| Garcia, A | $159.32 | $0.00 | -$9.87 | -$2.31 | $171.50 | $17.44 |
| Mendez, | $458.73 | -$5.00 | -$28.44 | -$6.65 | $498.82 | $50.22 |
| Rodrigue | $75.00 | $0.00 | -$4.65 | -$1.09 | $80.74 | $8.22 |
| Ojeda, E | $230.60 | $0.00 | -$14.29 | -$3.35 | $248.24 | $25.26 |
| Cabrera, | $849.38 | -$44.00 | -$52.66 | -$12.32 | $958.36 | $93.01 |
| Reyes, G | $456.63 | -$5.00 | -$28.31 | -$6.62 | $496.56 | $50.00 |
| Hernand | $1,184.40 | -$84.00 | -$73.43 | -$17.17 | $1,359.00 | $129.69 |
| Cabrera, | $1,253.75 | -$92.00 | -$77.73 | -$18.18 | $1,441.66 | $137.28 |
| Cabrera, | $930.00 | -$53.00 | -$57.66 | -$13.49 | $1,054.15 | $101.84 |
| Fraga, La | $276.40 | $0.00 | -$17.14 | -$4.01 | $297.55 | $30.27 |
| Ojeda, M | $1,560.00 | -$109.00 | -$96.72 | -$22.62 | $1,788.34 | $170.82 |
| Mendoz | $1,181.25 | -$83.00 | -$73.24 | -$17.13 | $1,354.62 | $129.25 |
| Paramo, | $268.88 | $0.00 | -$16.67 | -$3.89 | $289.44 | $29.43 |
| Ojeda, R | $552.32 | $0.00 | -$34.25 | -$8.01 | $594.58 | $60.48 |
| Rodrigue | $378.08 | $0.00 | -$23.44 | -$5.48 | $407.00 | $41.39 |
| | | | | | | |
| **TOTAL** | **$10,738.85** | **-$475.00** | **-$665.79** | **-$155.73** | **$12,035.37** | **$1,175.79** |

| | | | |
|---|---|---|---|
| TAXES | | $1,296.52 | $1,175.79 |
| TOTAL | | $2,472.31 | |

# EXHIBIT "A"

# PAYROLL JOURNAL

0942 1815-8665  Van Scoit Group LLC                              (Prior to Processing)

| EMPLOYEE NAME ID | HOURS, EARNINGS, REIMBURSEMENTS & OTHER PAYMENTS | | | | WITHHOLDINGS | | DEDUCTIONS | NET PAY ALLOCATIONS | |
|---|---|---|---|---|---|---|---|---|---|
| | DESCRIPTION | RATE | HOURS | EARNINGS | REIMB & OTHER PAYMENTS | | | | |

**\*\*\*\* 1 CASHIER-SD**

| Lopez, Rosa 195 | Hourly | 13.0000 | 126.9800 | 1,650.74 | | Social Security | 137.22 | | Check # Unknown | |
| | Overtime | 19.5000 | 28.8500 | 562.58 | | Medicare | 32.10 | | Check Amt | 1,856.81 |
| | | | | | | Fed Income Tax | 187.19 | | | |
| | EMPLOYEE TOTAL | | 155.8300 | 2,213.32 | | | 356.51 | | Net Pay | 1,856.81 |

**\*\*\*\* 3 MANAGER**

| Melendez, Irma 205 | Salary | | M80.0000 | 2,400.00 | | Social Security | 148.80 | | Check # Unknown | |
| | | | | | | Medicare | 34.80 | | Check Amt | 2,025.67 |
| | | | | | | Fed Income Tax | 190.73 | | | |
| | EMPLOYEE TOTAL | | 80.0000 | 2,400.00 | | | 374.33 | | Net Pay | 2,025.67 |
| Van Scoit, Valeri... 328 | Salary | | | 1,000.00 | | Social Security | 62.00 | | Check # Unknown | |
| | | | | | | Medicare | 14.50 | | Check Amt | 881.19 |
| | | | | | | Fed Income Tax | 42.31 | | | |
| | EMPLOYEE TOTAL | | | 1,000.00 | | | 118.81 | | Net Pay | 881.19 |

**\*\*\*\* 4 KITCHEN-SD**

| Barbosa, Marcela C 115 | Hourly | 12.0000 | 109.6000 | 1,315.20 | | Social Security | 81.54 | | Check # Unknown | |
| | | | | | | Medicare | 19.07 | | Check Amt | 1,135.17 |
| | | | | | | Fed Income Tax | 79.42 | | | |
| | EMPLOYEE TOTAL | | 109.6000 | 1,315.20 | | | 180.03 | | Net Pay | 1,135.17 |
| Garcia, Imelda 160 | Hourly | 14.0000 | 108.9400 | 1,525.16 | | Social Security | 94.56 | | Check # Unknown | |
| | | | | | | Medicare | 22.12 | | Check Amt | 1,303.86 |
| | | | | | | Fed Income Tax | 104.62 | | | |
| | EMPLOYEE TOTAL | | 108.9400 | 1,525.16 | | | 221.30 | | Net Pay | 1,303.86 |
| Garcia, Lorena 165 | Hourly | 14.0000 | 64.6000 | 904.40 | | Social Security | 56.08 | | Check # Unknown | |
| | | | | | | Medicare | 13.11 | | Check Amt | 802.46 |
| | | | | | | Fed Income Tax | 32.75 | | | |
| | EMPLOYEE TOTAL | | 64.6000 | 904.40 | | | 101.94 | | Net Pay | 802.46 |

**\*\*\*\* 5 BAKER-SD**

| Melendez, Mario 210 | Salary | | M80.0000 | 2,100.00 | | Social Security | 130.20 | | Check # Unknown | |
| | | | | | | Medicare | 30.45 | | Check Amt | 1,726.06 |
| | | | | | | Fed Income Tax | 213.29 | | | |
| | EMPLOYEE TOTAL | | 80.0000 | 2,100.00 | | | 373.94 | | Net Pay | 1,726.06 |

**\*\*\*\* 6 STAFF**

| Garcia, Norma 76813 | Hourly | 12.0000 | 131.1000 | 1,573.20 | | Social Security | 128.10 | | Check # Unknown | |
| | Overtime | 18.0000 | 27.3900 | 493.02 | | Medicare | 29.96 | | Check Amt | 1,738.62 |
| | | | | | | Fed Income Tax | 169.54 | | | |
| | EMPLOYEE TOTAL | | 158.4900 | 2,066.22 | | | 327.60 | | Net Pay | 1,738.62 |
| Lopez, Christian A 76812 | Hourly | 12.0000 | 91.2200 | 1,094.64 | | Social Security | 67.87 | | Check # Unknown | |
| | | | | | | Medicare | 15.87 | | Check Amt | 957.95 |
| | | | | | | Fed Income Tax | 52.95 | | | |
| | EMPLOYEE TOTAL | | 91.2200 | 1,094.64 | | | 136.69 | | Net Pay | 957.95 |


EXHIBIT "A"

0942 1815-8665  Van Scoit Group LLC
Run Date 02/24/25  07:15 PM
Period Start / End Date   02/03/25 - 02/24/25
Check Date                02/25/25

Payroll Journal
Page 1 of 2
PYRJRN

# PAYROLL JOURNAL

**0942 1815-8665** Van Scoit Group LLC

(Prior to Processing)

| EMPLOYEE NAME ID | HOURS, EARNINGS, REIMBURSEMENTS & OTHER PAYMENTS | | | | WITHHOLDINGS | | DEDUCTIONS | NET PAY ALLOCATIONS | |
|---|---|---|---|---|---|---|---|---|---|
| | DESCRIPTION | RATE | HOURS | EARNINGS | REIMB & OTHER PAYMENTS | | | | |
| **COMPANY TOTALS** *9 Person(s)* *9 Transaction(s)* | Hourly Salary Overtime COMPANY TOTAL | | 632.4400 160.0000 56.2400 848.6800 | 8,063.34 5,500.00 1,055.60 14,618.94 | | Social Security 906.37 Medicare 211.98 Fed Income Tax 1,072.80 2,191.15 *Employer Liabilities* Social Security 906.38 Medicare 211.96 Fed Unemploy 87.72 TX Unemploy 33.62 TX UOA,ETIA 14.62 TOTAL EMPLOYER LIABILITY 1,254.30 TOTAL TAX LIABILITY 3,445.45 | | | **Check Amt** 12,427.79 Net Pay 12,427.79 |

(IC) = Independent Contractor


EXHIBIT "A"

0942 1815-8665  Van Scoit Group LLC
Run Date 02/24/25  07:15 PM
Period Start - End Date  02/03/25 - 02/24/25
Check Date  02/25/25
Payroll Journal
Page 2 of 2
PYRJRN

# PAYROLL JOURNAL

0942 1815-8613  Van Scoit Group LLC

(Prior to Processing)

| EMPLOYEE NAME ID | HOURS, EARNINGS, REIMBURSEMENTS & OTHER PAYMENTS | | | | WITHHOLDINGS | | DEDUCTIONS | | NET PAY ALLOCATIONS | |
|---|---|---|---|---|---|---|---|---|---|---|
| | DESCRIPTION | RATE | HOURS | EARNINGS | REIMB & OTHER PAYMENTS | | | | | |
| **** 1 CASHIER-SD | | | | | | | | | | |
| Sanchez, Arturo 315 | Hourly | 14.0000 | 35.5400 | 497.56 | | Social Security Medicare | 30.85 7.22 | | | Check # Unknown Check Amt | 459.49 |
| | EMPLOYEE TOTAL | | 35.5400 | 497.56 | | | 38.07 | | | Net Pay | 459.49 |
| **** 2 TEAM LEADER | | | | | | | | | | | |
| Benavides, Luis 120 | Hourly Overtime | 14.0000 21.0000 | 119.4900 5.2200 | 1,672.86 109.62 | | Social Security Medicare Fed Income Tax | 110.51 25.85 96.78 | | | Check # Unknown Check Amt | 1,549.34 |
| | EMPLOYEE TOTAL | | 124.7100 | 1,782.48 | | | 233.14 | | | Net Pay | 1,549.34 |
| **** 3 MANAGER | | | | | | | | | | | |
| Van Scoit, Julio C 310 | Salary | | | 800.00 | | Social Security Medicare | 49.60 11.60 | PX401 EEPRE | 24.00 | Check # Unknown Check Amt | 714.80 |
| | EMPLOYEE TOTAL | | | 800.00 | | | 61.20 | | 24.00 | Net Pay | 714.80 |
| | Other Items: (Do not increase Net Pay.) PX401 ERMTCH | | | | 24.00 | | | | | | |
| Van Scoit, Valeri... 300 | Salary | | | 800.00 | | Social Security Medicare | 49.60 11.60 | | | Check # Unknown Check Amt | 738.80 |
| | EMPLOYEE TOTAL | | | 800.00 | | | 61.20 | | | Net Pay | 738.80 |
| **** 4 KITCHEN-SD | | | | | | | | | | | |
| Lopez, Elizabeth 180 | Hourly | 14.5000 | 118.4800 | 1,717.96 | | Social Security Medicare Fed Income Tax | 106.52 24.91 127.75 | | | Check # Unknown Check Amt | 1,458.78 |
| | EMPLOYEE TOTAL | | 118.4800 | 1,717.96 | | | 259.18 | | | Net Pay | 1,458.78 |
| Patino, Emilia 240 | Hourly Overtime | 15.0000 22.5000 | 127.0700 11.3700 | 1,906.05 255.83 | | Social Security Medicare Fed Income Tax | 134.04 31.35 162.16 | | | Check # Unknown Check Amt | 1,834.33 |
| | EMPLOYEE TOTAL | | 138.4400 | 2,161.88 | | | 327.55 | | | Net Pay | 1,834.33 |
| **** 6 STAFF | | | | | | | | | | | |
| Fraire, Joanna 175826 | Hourly Overtime | 14.0000 21.0000 | 40.0000 4.1400 | 560.00 86.94 | | Social Security Medicare Fed Income Tax | 40.11 9.38 7.00 | | | Check # Unknown Check Amt | 590.45 |
| | EMPLOYEE TOTAL | | 44.1400 | 646.94 | | | 56.49 | | | Net Pay | 590.45 |
| Garcia, Adrianna 175827 | Hourly Overtime | 15.0000 22.5000 | 122.4900 3.8300 | 1,837.35 86.18 | | Social Security Medicare Fed Income Tax | 119.26 27.89 152.42 | | | Check # Unknown Check Amt | 1,623.96 |
| | EMPLOYEE TOTAL | | 126.3200 | 1,923.53 | | | 299.57 | | | Net Pay | 1,623.96 |
| Hardin, Haylee E 175825 | Hourly | 10.0000 | 18.3400 | 183.40 | | Social Security Medicare | 11.37 2.66 | | | Check # Unknown Check Amt | 169.37 |
| | EMPLOYEE TOTAL | | 18.3400 | 183.40 | | | 14.03 | | | Net Pay | 169.37 |
| Hernandez, Jose 424 | Hourly | 13.0000 | 73.2000 | 951.60 | | Social Security Medicare Fed Income Tax | 59.00 13.80 37.47 | | | Check # Unknown Check Amt | 841.33 |

0942 1815-8613  Van Scoit Group LLC
Run Date 02/24/25  07:09 PM

Period Start / End Date  02/03/25 - 02/24/25
Check Date  02/25/25


EXHIBIT "A"

Payroll Journal
Page 1 of 2
PYRJRN

# PAYROLL JOURNAL
0942 1815-8613  Van Scoit Group LLC                                                                                        (Prior to Processing)

| EMPLOYEE NAME ID | HOURS, EARNINGS, REIMBURSEMENTS & OTHER PAYMENTS | | | | WITHHOLDINGS | | DEDUCTIONS | | NET PAY ALLOCATIONS | |
|---|---|---|---|---|---|---|---|---|---|---|
| | DESCRIPTION | RATE | HOURS | EARNINGS | REIMB & OTHER PAYMENTS | | | | | |

**\*\*\*\* 6 STAFF (cont.)**
**Hernandez, Jose  (cont.)**
**424**

|  | EMPLOYEE TOTAL | 73.2000 | 951.60 | | 110.27 | | | Net Pay | 841.33 |

**COMPANY TOTALS**
*10 Person(s)*
*10 Transaction(s)*

| | | HOURS | EARNINGS | | WITHHOLDINGS | | DEDUCTIONS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Hourly | | 654.6100 | 9,326.78 | | Social Security | 710.86 | PX401 EEPRE | 24.00 | Check Amt | 9,980.65 |
| Salary | | | 1,600.00 | | Medicare | 166.26 | | | | |
| Overtime | | 24.5600 | 538.57 | | Fed Income Tax | 583.58 | | | | |
| COMPANY TOTAL | | 679.1700 | 11,465.35 | | | 1,460.70 | | 24.00 | Net Pay | 9,980.65 |

Other Items: (Do not increase Net Pay.)
PX401 ERMTCH                                                     24.00

*Employer Liabilities*

| | | | | | Social Security | 710.85 |
| | | | | | Medicare | 166.25 |
| | | | | | Fed Unemploy | 68.79 |
| | | | | | TX Unemploy | 22.93 |
| | | | | | TX UOA,ETIA | 12.62 |
| | | | | TOTAL EMPLOYER LIABILITY | 981.44 |
| | | | | TOTAL TAX LIABILITY | 2,442.14 |

(IC) = Independent Contractor

---

0942 1815-8613  Van Scoit Group LLC                                                                                                 Payroll Journal
Run Date 02/24/25  07:09 PM                     Period Start - End Date    02/03/25 - 02/24/25                                      Page 2 of 2
                                                Check Date                 02/25/25                                                 PYRJRN


EXHIBIT "A"

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0539-4<br>Case 25-40642-elm11<br>Northern District of Texas<br>Ft. Worth<br>Tue Feb 25 00:48:27 CST 2025 | Van Scoit Services LLC<br>8820 Trinity Vista Trl<br>Hurst, TX 76053-7522 | 501 W. Tenth Street<br>Fort Worth, TX 76102-3637 |
| 1900 Shreeji, Inc.<br>2123 Hogan Drive<br>Irving, TX 75038-5938 | 6237 RUFE SNOW, LLC<br>6237 Rufe Snow<br>Fort Worth, TX 76148-3316 | Brothers Produce<br>P.O. Box 550278<br>Dallas, TX 75355-0278 |
| Christon Company<br>4445 Alpha Road, Suite 109<br>Dallas, TX 75244-4507 | Dallas County Tax-Assessor Collector<br>500 Elm Street<br>Dallas, TX 75202-3304 | Fox Funding Group, LLC<br>803 S 21 Street<br>Hollywood, FL 33020-6962 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Joe Lieberman<br>PO Box 356<br>Cedarhurst, NY 11516-0356 | Julio Van Scoit<br>8820 Trinity Vista Trl<br>Hurst, TX 76053-7522 |
| MCFARLAND RETAIL PROPERTIES, LLC<br>3328 East Hebron<br>Carrollton, TX 75010-4446 | McCarron & Diess<br>4530 Wisconsin Ave 301<br>Washington, DC 20016-4667 | North Mill Credit Trust<br>Norwalk, CT 06851<br>601 Marritt 7, Ste 5 |
| Office of the United States Trustee<br>Earle Cabell Federal Building<br>1100 Commerce Street Room 976<br>Dallas, TX 75242-1011 | Parkside Center LLC<br>4445 Alpha Rd, Suite 10<br>Dallas, TX 75244-4507 | Paychex<br>1175 John St<br>W Henrietta, NY 14586-9199 |
| Pride Commercial Properties<br>6220 Campbell Rd. Ste. 104<br>Dallas, TX 75248-1396 | Schlotzsky's<br>200 Glenridge Point Pkwy<br>Atlanta, GA 30342-1449 | Steve Mylius<br>2924 Haltom Rd<br>Haltom City, TX 76117-4458 |
| Texas Attorney General's Office<br>Bankruptcy Collection Division<br>PO Box 12548<br>Austin, TX 78711-2548 | Texas Comptroller of Public Account<br>C/O Office of the Attorney General<br>Bankruptcy-Collections Division<br>PO Box 12548, MC-008<br>Austin, TX 78711-2548 | (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION<br>PO BOX 13528<br>AUSTIN TX 78711-3528 |
| United States Attorney<br>Northern District of Texas<br>1100 Commerce Street, 3rd Fl.<br>Dallas, TX 75242-1074 | United States Trustee<br>1100 Commerce Street<br>Room 976<br>Dallas, TX 75242-0996 | Valerie Van Scoit<br>8820 Trinity Vista Trl<br>Hurst, TX 76053-7522 |
| Westbrooke Capital, Ltd.<br>6360 N Beach St<br>Fort Worth, TX 76137-2622 | Robert Thomas DeMarco<br>Robert Demarco<br>12770 Coit Road<br>Suite 850<br>Dallas, TX 75251-1364 | |

**The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).**

Texas Comptroller of Public Accounts
Bankruptcy Section
Po Box 13528
Austin, TX 78711-3528

End of Label Matrix
Mailable recipients    28
Bypassed recipients     0
Total                  28

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0539-4<br>Case 25-40641-mxm11<br>Northern District of Texas<br>Ft. Worth<br>Tue Feb 25 00:47:55 CST 2025 | Van Scoit Group LLC<br>8820 Trinity Vista Trl<br>Hurst, TX 76053-7522 | 501 W. Tenth Street<br>Fort Worth, TX 76102-3637 |
| Bank United, N.A.<br>Small Business Finance<br>7815 NW 148th Street<br>Miami Lakes, FL 33016-1554 | Dallas County Tax-Assessor Collector<br>500 Elm Street<br>Dallas, TX 75202-3304 | Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Julio Van Scoit<br>8820 Trinity Vista Trl<br>Hurst, TX 76053-7522 | Kapitus<br>2500 Wilson Boulevard, Suite 350<br>Arlington, VA 22201-3873 | NCR Voyix Corporation<br>864 Spring St. NW<br>Atlanta, GA 30308-1007 |
| Newtek Small Business Finance, Inc.<br>1981 Marcus Ave. Ste. 130<br>New Hyde Park, NY 11042-1046 | Office of the United States Trustee<br>Earle Cabell Federal Building<br>1100 Commerce Street Room 976<br>Dallas, TX 75242-1011 | Rapid Finance<br>4500 East West Highway 6th Floor<br>Bethesda, MD 20814-3327 |
| Schlotzsky's<br>200 Glenridge Point Pkwy<br>Atlanta, GA 30342-1449 | TXU Energy/ Bankruptcy<br>PO Box  650393<br>Dallas, TX 75265-0393 | Texas Attorney General's Office<br>Bankruptcy Collection Division<br>PO Box 12548<br>Austin, TX 78711-2548 |
| Texas Comptroller of Public Account<br>C/O Office of the Attorney General<br>Bankruptcy-Collections Division<br>PO Box 12548, MC-008<br>Austin, TX 78711-2548 | United States Attorney<br>Northern District of Texas<br>1100 Commerce Street, 3rd Fl.<br>Dallas, TX 75242-1074 | United States Trustee<br>1100 Commerce Street<br>Room 976<br>Dallas, TX 75242-0996 |
| Valerie Van Scoit<br>8820 Trinity Vista Trl<br>Hurst, TX 76053-7522 | Van Scoit AM Restaurants LLC<br>8820 Trinity Vista Trl<br>Hurst, TX 76053-7522 | Robert Thomas DeMarco<br>Robert Demarco<br>12770 Coit Road<br>Suite 850<br>Dallas, TX 75251-1364 |

End of Label Matrix
Mailable recipients    20
Bypassed recipients     0
Total                  20